# UNITED STATES DISTRICT COURT
Western District of Kentucky
Bowling Green Division

| | |
|---|---|
| Connie K. Beal<br>*Plaintiff*<br><br>v.<br><br>Commonwealth Health Corporation, Inc.<br>*Defendant*<br>Serve:<br>Tammy Meade Ensslin<br>800 Park Street<br>Bowling Green, KY 42101<br><br>Hodges Adams, PLLC<br>*d/b/a* Hodges & Adams<br>*Defendant*<br>Serve:<br>Hoy P. Hodges<br>319 E. 10th Avenue<br>Bowling Green, KY 42101 | Case No. 1:26-cv-61-GNS |

## CLASS ACTION COMPLAINT and DEMAND FOR JURY TRIAL

### INTRODUCTION

1. This is an action by Plaintiff Connie K. Beal on behalf of herself as an individual Kentucky consumer and also on behalf of a class of similarly situated Kentucky consumer claimants against Defendants Commonwealth Health Corporation, Inc. and Hodges Adams, PLLC *d/b/a* Hodges & Adams for their joint and several violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq*. and the Kentucky Consumer Protection Act ("KCPA"), KRS 367.110 *et seq*.

Plaintiff individually on behalf of herself seeks her actual damages, statutory damages, court costs, and attorney fees against Defendants. Plaintiff also seeks to be appointed as class representative on behalf of a proposed class of Kentucky consumer claimants similarly situated with like claims as Plaintiff to recover from Defendants their actual damages, statutory damages, court costs and attorney fees.

## JURISDICTION and VENUE

2. Jurisdiction of this court arises under 28 U.S.C. §1331 and 15 U.S.C. §1692k. Plaintiff requests that this Court take supplemental jurisdiction of her state-law claims pursuant to 28 U.S.C. §1367. Venue is proper because the nucleus of relevant facts and events giving rise to Plaintiff's claims occurred in Logan County, Kentucky, which is located within this Federal District.

## PARTIES

3. Plaintiff Connie K. Beal is a natural person who resides in Logan County, Kentucky, a "consumer" within the meaning of the FDCPA as defined at 15 U.S.C. § 1692a(3), and a "person" within the meaning of the KCPA, KRS 367.110(1).

4. Defendant Commonwealth Health Corporation, Inc. ("CHC") is a Kentucky corporation registered with the Kentucky Secretary of State whose principal place of business is located at 800 Park Street, Bowling Green, KY 42101.

5. According to the records of the Kentucky Secretary of State, CHC transacts, and has transacted, business in the Commonwealth of Kentucky under at least ninety-seven (97) assumed names, including Bluegrass Radiology Services, Staywell Clinic, SOKY Construction, The Children's Hour, La Palermo Pizza Works, and Hillcrest Credit Agency, among numerous other assumed names.

6. CHC operates under the name Hillcrest Credit Agency as a debt collection agency. According to its website (https://medcenterhealth.org/hca-home/; last accessed March 30, 2026):

> With 30 years of experience, Hillcrest Credit Agency is one of the largest collection agencies in Kentucky. We are licensed in Kentucky and Tennessee and service over 300,000 accounts from a wide variety of clients. Our client base includes hospitals, physicians, dentists, chiropractors, veterinarians, utility companies, waste disposal companies and financial institutions. In total, we represent over $80 million in accounts receivable.

7. CHC, operating under the name Hillcrest Credit Agency, is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6) inasmuch as it regularly collects consumer individual debts of natural persons who are citizens of Kentucky using instrumentalities of interstate commerce or the mails in its business, the principal purpose of which is the collection of debts. CHC is also a "debt collector" because as part of its process of collecting its own debts as an original creditor it uses the name "Hillcrest Credit Agency" in such a way it frequently uses a name

other than its own which would indicate that a third person is collecting or attempting to collect such debts so as to indicate that a third person is collecting or attempting to collect such debts.

8. CHC is also a "person" within the meaning of the KCPA, KRS 367.110(1).

9. Defendant Hodges Adams PLLC *d/b/a* Hodges & Adams ("Hodges") is a Kentucky limited liability company and law firm whose principal place of business is located at 319 E. 10th Avenue, Bowling Green, KY 42101.

10. Hodges is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6) inasmuch as it regularly collects consumer individual debts of natural persons who are citizens of Kentucky using instrumentalities of interstate commerce or the mails in its business, the principal purpose of which is the collection of debts. Hodges is also a "person" within the meaning of the KCPA, KRS 367.110(1).

## STATEMENT OF FACTS

11. On or about June 2, 2010, Plaintiff Connie K. Beal ("Beal") received medical services from Bluegrass Radiology Services ("Bluegrass Radiology"), a medical practice in Bowling Green, KY.

12. The medical services Bluegrass Radiology provided to Ms. Beal constitute a transaction in "trade" or "commerce" within the meaning of the KCPA, KRS 367.110(2).

13. On the website of the Kentucky Secretary of State, as of the date of this Complaint, "Bluegrass Radiology Services" is listed as an inactive assumed name for Defendant Commonwealth Health Corporation, Inc. ("CHC").

14. Ms. Beal used the medical services obtained from Bluegrass Radiology for personal, family and/or household purposes, making the debt that arose out of the medical services a "debt" within the meaning of the FDCPA.

15. On April 15, 2011, Bluegrass Radiology, by and through attorneys of the Defendant law firm Hodges Adams PLLC *d/b/a* Hodges & Adams ("Hodges")[1] filed the case of *Bluegrass Radiology Services v. Connie K. Beal* in the Logan District Court of Logan County, Kentucky under case number 11-C-00320 (the "State Court Lawsuit").

16. To the extent that Bluegrass Radiology and Hillcrest are distinct affiliates of CHC, Hillcrest, not Bluegrass Radiology, placed the debt with Hodges for collection.

[1] At the time of the filing of the State Court Lawsuit, Hodges was then known as "Hodges & Haynes."

17. The State Court Lawsuit alleged that Ms. Beal owed Bluegrass Radiology an amount due and owing of $908.00 related to the medical services provided on June 2, 2010.

18. Bluegrass Radiology subsequently moved for default judgment and on June 15, 2011 the Logan District Court entered a default judgment in the State Court Lawsuit (the "Default Judgment"). A true and accurate copy of the Default Judgment is attached hereto as Exhibit "A."

19. The Default Judgment awarded Bluegrass Radiology a principal amount of $908.00 plus interest from the date of judgment at the rate of 12.00% per annum, which was the statutory rate of interest on judgments under Kentucky law (KRS 360.040) as was then in effect on June 15, 2011.

20. The Default Judgment also purported to award Bluegrass Radiology $133.50 in "court costs," but this purported award of costs was not made on the basis of any information or support Bluegrass Radiology or Hodges provided to the court that would justify this award of costs.

21. By mandatory rule under Ky. Civ. R. P. 54.04(2), a party entitled to recover court costs must serve and file on the party liable therefor a bill a bill of costs itemizing the costs it seeks to recover, which states:

> A party entitled to recover costs **<u>shall prepare and serve</u>** upon the party liable therefor a bill itemizing the costs incurred by him in the action, including filing fees, fees incident to service of process and summoning of witnesses, jury fees, warning order attorney, and guardian ad litem fees, costs of the originals of any depositions (whether taken stenographically or by other than stenographic means), fees for extraordinary services ordered to be paid by the court, and such other costs as are ordinarily recoverable by the successful party. If within five days after such service no exceptions to the bill are served on the prevailing party, the clerk shall endorse on the face of the judgment the total amount of costs recoverable as a part of the judgment. Exceptions shall be heard and resolved by the trial court in the form of a supplemental judgment.

Ky.CR 54.04(2) (bolding and underlining added).

22. The purpose of requiring the prevailing party to serve a bill of costs is twofold: **(i)** to give the liable party a chance to review and object to the items included as costs and the amount of costs claimed, and **(ii)** to subject the award of costs to judicial oversight and review.

23. Under Kentucky law, the bill of costs must be served and filed within a reasonable

time after entry of judgment. *Brett v. Media Gen. Operations, Inc.*, 326 S.W.3d 452, 460 (Ky. App. 2010).

24. If a party seeking to recover court costs fails to serve and file a bill of costs within a reasonable time as required by CR 54.04(2) the party cannot recover court costs.

25. A "reasonable time" to file a Bill of Costs can be no more than 30 days after judgment is entered. *David V. Kramer and David W. Burleigh*, 7 Ky. Practice, *Civil Procedure*, Rule 54.04 (online version accessed March 3, 2017).

26. As a practical matter, under the Kentucky Rules of Civil Procedure a Bill of Costs should be served within thirty (30) days of judgment to preserve any supplemental judgment for court costs entered by the trial court to be preserved for appeal with the judgment.

27. On January 19, 2026, over *fourteen years* after entry of the Default Judgment, and repeated attempts by Hodges to collect unauthorized court costs and excessive judgment interest on behalf of CHC *a/k/a* Bluegrass Radiology, Hodges filed an unreasonable/untimely Bill of Costs in the State Court Lawsuit. A true and accurate copy of the Bill of Costs is attached as Exhibit "B."[2]

28. At no time after entry of the Default Judgment did Bluegrass Radiology, CHC, Hodges, or any other party on Bluegrass Radiology's behalf, move the Logan District Court for an enlargement of time to file a bill of costs.

29. Bluegrass Radiology's failure to file and serve a timely bill of costs operates as a waiver of Bluegrass Radiology's claims to recover its court costs expended in the State Court Lawsuit from Ms. Beal.

30. On February 18, 2026, Bluegrass Radiology, by and through Hodges as its counsel, filed a Wage Garnishment in the State Court Lawsuit (the "Garnishment") and served same on Ms. Beal's employer. A true and accurate copy of the Garnishment is attached as Exhibit "C."

31. The Garnishment stated, and represented to Ms. Beal's employer, that a total amount of $5,343.34 was due and owing on the judgment as of the date of the Garnishment, "plus 12% interest per annum from 2/28/2026 until [paid in full]."

32. Although the Garnishment identifies Bluegrass Radiology as the "Judgment Creditor," under "Creditor's Attorney" the Garnishment identifies "Hillcrest Credit Agency c/o

[2] The Bill of Costs purported to itemize its costs of $133.50 expended prior to entry of the Default Judgment, as well as $10.00 in costs expended in filing a wage garnishment on May 22, 2013, over twelve years prior to the Bill of Costs.

Hodges & Adams," implying that, to the extent that Hillcrest is a distinct entity or subsidiary of CHC from Bluegrass Radiology, Hillcrest is the actual current creditor of the debt at the basis of the Default Judgment.

33. The amount of $5,343.34 stated in the Garnishment represents the principal sum of $908.00, plus compound interest at the statutory rate of 12% per annum pursuant to KRS 360.040 from the date Default Judgment was entered to the date of the Garnishment, plus claimed court costs due and owing of $143.50.

34. The Kentucky rate of statutory post-judgment interest awarded in a judgment is set by the Kentucky Legislature by KRS 360.040, and any change of that rate affects prior existing unsatisfied judgments on the effective date of an amendment and interest thereafter accrues at the new rate set by the Legislature on all such unsatisfied judgments from the date of the amendment of KRS 360.040 forward. *Ridge v. Ridge,* 572 S.W.2d 859, 861 (Ky. 1978).

35. On June 29, 2017, KRS 360.040 became effective as amended reducing the statutory rate of interest on judgments from 12% to 6%.

36. Calculated correctly at interest of 12% accruing on the total judgment amount of $908.00 from June 15, 2011 to June 28, 2017, and then interest at 6% accruing from June 29, 2017 (the date of amendment of KRS 360.040) to February 18, 2026 (the date of the Garnishment), all compounding annually on the anniversary date of the judgment pursuant to KRS 360.040(1), the amount due and owing on the Default Judgment on the date of the Garnishment would have been at most $3,122.03—over two thousand dollars *less* than the amount Bluegrass Radiology actually stated in the Garnishment.

37. Even if, contrary to the express holding of the Supreme Court of Kentucky construing KRS 360.040, CHC/Hillcrest and Hodges were entitled to collect 12% post-judgment interest on the Default Judgment after June 28, 2017, the claimed amount due of $5,343.34 stated in the Garnishment is *still* excessive in that as of the February 18, 2026 the date of the Garnishment, the amount of the judgment with compounding interest at 12% from the date of judgment, plus costs of $143.50, only yields a total of $5,113.50, over $200 *less* than the amount stated in the Garnishment.

38. Ms. Beal has incurred actual damages related to the Garnishment, including but not limited to loss of use of garnished funds and emotional upset and embarrassment.

39. CHC (under its assumed name and/or subsidiary Hillcrest) and Hodges jointly and severally violated multiple sections of the federal FDCPA statute by *inter alia* collecting and/or attempting to collect post-judgment interest at a rate of interest in excess of, and not permitted by, Kentucky law, and by collecting and/or attempting to collect court costs which were waived for

their failure to file and serve a timely bill of costs, which violations each created a material risk of harm to Plaintiff and the interests of consumers recognized by Congress and which it sought to protect by enacting the FDCPA.

40. CHC and Hodges jointly and severally violated the KCPA, KRS 367.220, by *inter alia* attempting to collect post-judgment interest at a rate of interest in excess of, and not permitted by, Kentucky law, and by collecting and/or attempting to collect court costs waived because of their failure to file and serve a timely bill of costs.

41. CHC (under its assumed name and/or subsidiary Hillcrest) and Hodges have, within the past two years prior to the filing of this Complaint, collected or attempted to collect statutory post-judgment interest awarded pursuant to KRS 360.040 in judgments from numerous Kentucky consumers without modifying the interest on the judgment to reflect the reduction of the statutory rate to 6% on June 29, 2017, and have collected or attempted to collect court costs from numerous Kentucky consumers which were waived by their failure to file and serve a timely bill of costs.

## INDIVIDUAL CLAIMS FOR RELIEF

### I. Violations of the FDCPA

42. Plaintiff Connie K. Beal incorporates all paragraphs pleaded *supra* as if fully set out hereinafter.

43. The foregoing joint and several acts and omissions of Defendants Commonwealth Health Corporation, Inc. (under its assumed name and/or subsidiary Hillcrest) and Hodges Adams, PLLC *d/b/a* Hodges & Adams as to Plaintiff Connie K. Beal ("Beal") individually constitute violations of the FDCPA which violations include, but are not limited to:

**A. Violation of 15 U.S.C. §1692e** by collecting and/or attempting to collect statutory post-judgment interest from Ms. Beal at a rate and/or in an amount in excess of that allowed by Kentucky law, and by attempting to collect court costs which were waived for failure to file and serve a timely bill of costs, thereby using false, deceptive, or misleading representation or means in an attempt to collect a debt;

**B. Violation of 15 U.S.C. §1692e(2)(A)** by collecting and/or attempting to collect statutory post-judgment interest from Ms. Beal at a rate and/or in an amount in excess of that allowed by Kentucky law, and by attempting to collect court costs which were waived for failure to file and serve a timely bill of costs, thereby falsely representing the status of a debt;

**C. Violation of 15 U.S.C. §1692e(5)** by collecting and/or attempting to collect statutory post-judgment interest from Ms. Beal at a rate and/or in an amount in excess of that allowed by

Kentucky law, and by attempting to collect court costs which were waived for failure to file and serve a timely bill of costs, thus taking an action against Plaintiff that it could not legally take in an attempt to collect a debt;

D. **Violation of 15 U.S.C. §1692e(10)** by collecting and/or attempting to collect statutory post-judgment interest from Ms. Beal at a rate and/or in an amount in excess of that allowed by Kentucky law, and by collecting and/or attempting to collect court costs which were waived for failure to file and serve a timely bill of costs, thus using a false representation or deceptive means to attempt to collect a debt;

E. **Violation of 15 U.S.C. §1692f** by collecting and/or attempting to collect statutory post-judgment interest from Ms. Beal at a rate and/or in an amount in excess of that allowed by Kentucky law, and by collecting and/or attempting to collect court costs which were waived for failure to file and serve a timely bill of costs, thereby using unfair or unconscionable means to attempt to collect a debt.

F. **Violation of 15 U.S.C. §1692f(1)** by collecting and/or attempting to collect statutory post-judgment interest from Ms. Beal at a rate and/or in an amount in excess of that allowed by Kentucky law, and by attempting to collect court costs which were waived for failure to file and serve a timely bill of costs, thereby collecting or attempting to collect amounts not expressly authorized by the agreement creating the debt or permitted by law.

**II. Violations of the KCPA**

44. Plaintiff Connie K. Beal incorporates all paragraphs pleaded *supra* as if fully set out hereinafter.

45. The foregoing knowing acts and omissions of Defendants Commonwealth Health Corporation, Inc. ("CHC") and Hodges Adams PLLC ("Hodges") constitute violations of the KCPA.

46. The provision of medical services to Ms. Beal by CHC, under its assumed name Bluegrass Radiology Services, constitutes conduct of "trade" and "commerce" within the meaning of the KCPA.

47. Ms. Beal used the medical services provided by CHC under its assumed name Bluegrass Radiology Services for personal, family, and/or household purposes.

48. Collecting or attempting to collect statutory post-judgment interest from Ms. Beal at a rate and/or in an amount in excess of that allowed by Kentucky law is an unfair, false,

misleading, or deceptive act or practice in the conduct of any trade or commerce that is unlawful under KRS 367.170.

49. Collecting or attempting to collect court costs which were waived for failure to file and serve a timely bill of costs is an unfair, false, misleading, or deceptive act or practice in the conduct of any trade or commerce that is unlawful under KRS 367.170.

50. Ms. Beal is a natural person within the meaning of the KCPA.

51. Ms. Beal suffered real and ascertainable losses from CHC's and Hodges' joint and several knowing violations of the KCPA in being charged impermissible rates and amounts of interest and legal costs.

52. CHC and Hodges are each liable to Ms. Beal under KRS 367.220 which gives her the right to recover her actual damages, her costs, her reasonable attorney's fees and punitive damages.

## CLASS ALLEGATIONS

53. Plaintiff Connie K. Beal incorporates all paragraphs pleaded *supra* as if fully restated and set out hereinafter.

54. Plaintiff pursuant to Fed. R. Civ. P. 23 hereby files a proposed class action complaint as the proposed class action representative against Defendants Commonwealth Health Corporation, Inc. (under its assumed name and/or subsidiary Hillcrest Credit Agency) and Hodges Adams PLLC *d/b/a* Hodges & Adams on behalf of classes of all persons in the Commonwealth of Kentucky similarly situated to Plaintiff comprised of the following persons:

**CLASS 1(A):**

55. All Kentucky persons/consumers who:

A. Have a judgment entered against them in any District or Circuit Court of the Commonwealth of Kentucky prior to June 29, 2017 in favor of Commonwealth Health Corporation, Inc. whether in its own name or in the name any of its subsidiaries or assumed names, for claims arising out of a "debt" within the meaning of the FDCPA in which the judgment awards the judgment creditor statutory post-judgment interest pursuant to KRS 360.040; and

B. Hillcrest Credit Agency, acting as a collection agency subsidiary or assumed name of Commonwealth Health Corporation, Inc., forwarded the debt at the basis of the

judgment to collection counsel, communicated with collection counsel concerning the debt, and/or received payments from collection efforts conducted by collection counsel; and

C. Within the last one (1) year prior to the date of filing of this Complaint, Commonwealth Health Corporation, Inc., by means of Hillcrest Credit Agency as its collection agency subsidiary and/or assumed name, collected or attempted to collect statutory post-judgment interest pursuant to KRS 360.040 from the consumer pursuant to the judgment entered against the consumer accrued after June 29, 2017 at a rate in excess of 6% per annum.

**CLASS 1(B):**

56. All Kentucky persons/consumers who:

A. Have a judgment entered against them in any District or Circuit Court of the Commonwealth of Kentucky prior to June 29, 2017 in favor of Commonwealth Health Corporation, Inc. whether in its own name or in the name any of its subsidiaries or assumed names, for claims arising out of a debt arising out of "trade" or "commerce" within the meaning of the KCPA, KRS 367.110(2) in which the judgment awards the judgment creditor statutory post-judgment interest pursuant to KRS 360.040; and

B. Within the last two (2) years prior to the date of filing of this Complaint, Commonwealth Health Corporation, Inc., by means of Hillcrest Credit Agency as its collection agency subsidiary and/or assumed name, collected or attempted to collect statutory post-judgment interest pursuant to KRS 360.040 from the consumer pursuant to the judgment entered against the consumer accrued after June 29, 2017 at a rate in excess of 6% per annum.

**CLASS 2(A):**

57. All Kentucky persons/consumers who:

A. Have a judgment entered against them in any District or Circuit Court of the Commonwealth of Kentucky prior to June 29, 2017 obtained by Hodges Adams PLLC *d/b/a* Hodges & Adams as counsel for the judgment creditor for claims arising out of a "debt" within the meaning of the FDCPA in which the judgment awards the judgment creditor statutory post-judgment interest pursuant to KRS 360.040; and

B. Within the last one (1) year prior to the date of filing of this Complaint, Hodges Adams PLLC *d/b/a* Hodges & Adams collected or attempted to collect statutory post-judgment interest pursuant to KRS 360.040 from the consumer pursuant to the judgment entered against the consumer accrued after June 29, 2017 at a rate in excess of 6% per annum.

**CLASS 2(B):**

58. All Kentucky persons/consumers who:

A. Have a judgment entered against them in any District or Circuit Court of the Commonwealth of Kentucky prior to June 29, 2017 obtained by Hodges Adams PLLC *d/b/a* Hodges & Adams as counsel for the judgment creditor for claims arising out of a debt arising out of "trade" or "commerce" within the meaning of the KCPA, KRS 367.110(2) in which the judgment awards the judgment creditor statutory post-judgment interest pursuant to KRS 360.040; and

B. Within the last two (2) years prior to the date of filing of this Complaint, Hodges Adams PLLC *d/b/a* Hodges & Adams collected or attempted to collect statutory post-judgment interest pursuant to KRS 360.040 from the consumer pursuant to the judgment entered against the consumer accrued after June 29, 2017 at a rate in excess of 6% per annum.

59. The proposed Classes as set out *supra* and represented by Plaintiff Connie K. Beal in this action, of which she herself is a member, consists of those persons as defined and of which the members of the proposed Classes are so numerous that joinder as parties of individual members is impracticable.

60. Plaintiff's claims are typical of the claims of the proposed Classes as set out *supra.*

61. There are common questions of law and fact applicable to the members of the proposed Classes in this action that relate to and affect the rights of each member of the proposed Classes, and the relief sought is common to the entirety of the proposed Classes because all members of the proposed Classes have the same issues of law in common as alleged *supra*.

62. There is no known conflict between Plaintiff and any other members of the proposed Classes with respect to this action, or with respect to the claims for relief herein set forth.

63. Plaintiff is the representative party for the proposed Classes and is able to and will fairly and adequately protect the interest of each of the proposed Classes.

64. Plaintiff's attorney is experienced and capable in the field of consumer rights, including violations of the FDCPA and KCPA and other consumer rights statutes such as the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 *et seq.*

65. Plaintiff's attorney has successfully represented other claimants in similar litigation.

66. The action is properly maintained as a class action in that the prosecution of separate actions by individual members of the proposed Classes would create a risk that individual adjudications could be dispositive of the interests of other members not a party to such adjudication or could substantially impair or impede their ability to protect their interest.

67. This action is properly maintained as a class action because the prosecution of separate actions by individual members of the proposed Classes would create risk of varying individual adjudications, which would establish incompatible standards of conduct for Defendants.

68. This action is properly maintained as a class action inasmuch as the questions of law and fact common to the proposed class members predominate over any questions affecting only individual members; a class action is superior to other methods available for the efficient adjudication of the controversy; the relief sought by all members of the proposed Classes will be effective and appropriate for the entirety of each proposed class; and all members of the proposed Classes have a right to damages or other relief that may be readily computed in each case or otherwise readily determined.

69. The identity of each individual member of the proposed Classes can be ascertained from the books and records maintained by Defendants and/or via public records.

70. Because many of the persons who comprise the proposed Classes in this case may not be aware of their rights, or may not be in a financial position to readily assert their rights, and because relegation of their claims to individual actions would result in an unreasonable multiplicity of suits and a corresponding burden on this and other courts, a class action is far superior to all other methods for a fair and efficient adjudication of this controversy.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Connie K. Beal requests that the Court grant her and the members of the Classes relief as follows:

1. Award Plaintiff and members of Classes 1(A) and 2(A) maximum statutory damages pursuant to 15 U.S.C. §1692k for Defendants' joint and several violations

of the FDCPA;

2. Award Plaintiff and all members of the Classes their actual damages for Defendants' joint and several violations of the FDCPA and/or the KCPA;

3. Award Plaintiff and all members of Classes 1(B) and 2(B) punitive damages pursuant to KRS 367.220 for Defendants' joint and several violations of the KCPA;

4. Award Plaintiff and all members of the Classes their reasonable attorney's fees and costs pursuant to the FDCPA and/or the KCPA;

5. A trial by jury; and

6. Such other relief as the Court and law make Plaintiff and the members of the Classes entitled.

Submitted by:

/s/ James R. McKenzie
James R. McKenzie, KBA 81957
*James R. McKenzie Attorney, PLLC*
115 S. Sherrin Ave. Suite 5
Louisville, KY 40207
Tel: (502) 371-2179
Fax: (502) 257-7309
E-mail: jmckenzie@jmckenzielaw.com